**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF NEW YORK**

| | |
|---|---|
| YUNHAN DUAN, YIMING SU, on behalf of themselves and other similarly situated employees,<br><br>Plaintiff,<br><br>vs.<br><br>STUDIO M BAR & LOUNGE INC, PROVENCE BBQ & BAR INC, ROSE CAKE HOUSE INC., SEALICIOUS INC. D/B/A DR. SEA, POT PA HOTPOT INC, PHO DEM INC., ABC CORP. D/B/A UMI SUSHI & LOUNGE, ABC CORP. D/B/A YUMMY SUSHI D/B/A YUMMY DESSERTS, "A JIE" DOE AKA KIT DOE, JAYDEN DOE, "A ZHONG" DOE, AMBER DOE, SEAN DOE, ABC CORP. D/B/A UNO SUSHI AND LOUNGE, CHENGZHI XIA, NIGHT MARKET BBQ INC., AND WEI YIN CHEN AKA TONY<br><br>Defendants. | Civil Action No.: 20-2240<br><br>**29 U.S.C. § 216(b)**<br>**COLLECTIVE ACTION**<br><br>**Complaint** |

Plaintiffs YUNHAN DUAN and YIMING SU (hereafter "Plaintiffs" or "Plaintiff"), by and through their attorneys, HANG & ASSOCIATES, PLLC, as and for cause of action against the Defendants STUDIO M BAR & LOUNGE INC, PROVENCE BBQ & BAR INC, ROSE CAKE HOUSE INC., SEALICIOUS INC. D/B/A DR. SEA, POT PA HOTPOT INC, PHO DEM INC., ABC CORP. D/B/A UMI SUSHI & LOUNGE, ABC CORP. D/B/A YUMMY SUSHI D/B/A YUMMY DESSERTS, "A JIE" DOE AKA KIT DOE, JAYDEN DOE, "A ZHONG" DOE, AMBER DOE, SEAN DOE, ABC CORP. D/B/A UNO SUSHI AND LOUNGE AND CHENGZHI XIA, NIGHT MARKET BBQ INC., AND WEI YIN CHEN AKA TONY alleges upon information and belief as follows:

## INTRODUCTION

1.      This action is brought by Plaintiff, on behalf of himself well as other employees similarly situated, against Defendants for alleged violations of the Federal Labor Standards Act, ("FLSA") 29 U.S.C. §§ 201 *et seq.*, and of New York Labor Law §§190 et seq. ("NYLL"), arising from Defendants' various willful and unlawful employment policies, patterns and/or practices.

2.      Upon information and belief, Defendants have willfully and intentionally committed widespread violations of the FLSA and NYLL by engaging in a pattern and practice of failing to pay their employees, including Plaintiff, compensation for all hours worked, minimum wage, and overtime compensation for all hours worked over forty (40) each workweek, and spread of hours, as well as failing to provide their employees, including Plaintiff, with wage notice at the time of their hiring and wage statements for each pay period.

3.      Plaintiff alleges, pursuant to the FLSA, that they are entitled to recover from the Defendants: (1) unpaid minimum wages, (2) unpaid overtime wages, (3) liquidated damages, (4) prejudgment and post-judgment interest; and/or (5) attorneys' fees and costs;

4.      Plaintiff further alleges that pursuant to NYLL §190 et seq. and Title 12 of New York Codes, Rules and Regulations Part 146 ("NYCRR") they are entitled to recover from the Defendants: (1) unpaid minimum wages, (2) unpaid overtime compensation, (3) compensation for failure to provide wage notice at the time of hiring, (4) failure to spread of hours, (5) failure to provide paystubs in violation of the NYLL, (6) liquidated damages equal to the sum of unpaid minimum wage, unpaid overtime, and unpaid spread of hours compensation pursuant to the NY Wage Theft Prevention Act; (7) unpaid compensation of tools of trade, (8) prejudgment and post-judgment interest; and (9) attorney's fees and costs.

## JURISDICTION AND VENUE

5.      This Court has original federal question jurisdiction over this controversy under 29 U.S.C. §216(b), 28 U.S.C. § 1331, and has supplemental jurisdiction over the NYLL claims pursuant to 28 U.S.C. § 1367(a).

6.      Venue is proper in the Eastern District of New York pursuant to 28 U.S.C. §§ 1391(b) and (c), because Defendants conduct business in this District, and the acts and omissions giving rise to the claims herein alleged took place in this District.

## PLAINTIFFS

7.      Plaintiff Yunhan Duan is an individual who resides in Queens County, New York.

8.      From in or around October 26, 2019 to on or around April 25, 2020, Plaintiff Yunhan Duan was employed as a delivery person to of Defendants' group restaurants. His work duties include picking up orders and making deliveries to customers who order via online methods, picking up order phone calls, driving other employees back home with his own vehicle, helping with grocery shopping when required to do so and other duties directed by Defendants.

9.      Plaintiff Yiming Su aka "EM" is an individual who resides in Queens County, New York.

10.     From in or around November 15, 2019 to on or around March 20, 2020, Plaintiff Yiming Su was employed as a delivery person of Defendants' group restaurants. His work duties include picking up orders and making deliveries to customers who order via online methods, driving other employees back home with his own car, and other duties directed by Defendants.

## DEFENDANTS

### *Corporate Defendants*

11.     Defendant Studio M Bar & Lounge Inc (hereinafter "Studio M") is a corporation incorporated under the laws of New York and has its registered office at 3641 Main Street, Apartment 2nd Floor, Flushing, NY 11354.

12.     Defendant PROVENCE BBQ & BAR INC (hereinafter "Provence") is a corporation incorporated under the laws of New York and has its registered office at 35-20 Farrangton Street, Flushing 11354.

13.     Defendant ROSE CAKE HOUSE INC. (hereinafter "Rose Cake") is a corporation incorporated under the laws of New York and has its registered office at 4327 Main Street Flushing 11355.

14.     Defendant SEALICIOUS INC. D/B/A DR. SEA (hereinafter "Dr. Sea") is a corporation incorporated under the laws of New York and has its registered office at 45-08 Parsons Blvd, Flushing, NY 11355.

15.     Defendant POT PA HOTPOT INC D/B/A Hopa Sushi (hereinafter "POT PA") is a corporation incorporated under the laws of New York and has its registered office at 59-14 Main St, Flushing, NY 11355.

16.     Defendant PHO DEM INC. (hereinafter "Pho Dem") is a corporation incorporated under the laws of New York and has its registered office at 133-48 37 AVENUE B1, Flushing, NY 11354.

17.     Defendant ABC CORP. D/B/A UMI SUSHI & LOUNGE (hereinafter "Umi Sushi") is a corporation incorporated under the laws of New York and has its registered office at 45-08 Parsons Blvd, Flushing, NY 11355.

18.     Defendant ABC CORP. D/B/A YUMMY SUSHI OR YUMMY DESSERTS (hereinafter

"Yummy Sushi") is a corporation incorporated under the laws of New York and has its registered office at 3370 Prince, Flushing, NY 11355.

19.     Defendant ABC CORP. D/B/A UNO SUSHI AND LOUNGE (hereinafter "Uno Sushi") is a corporation incorporated under the laws of New York and has its registered office at 3641 Main Street, Apartment 2nd Floor, Flushing, NY 11354.

20.     Defendant NIGHT MARKET BBQ INC. (hereinafter "Night Market") is a corporation incorporated under the laws of New York and has its registered office at 45-06 Parsons Blvd, Flushing, NY 11355.

***Owner/ Operator Defendants***

24.     Upon information and belief, the individual Defendants are officers, directors, managers and/or majority shareholders or owners of Corporate Defendants, and insofar as they are among the ten largest shareholders of New York corporations, are individually responsible for unpaid wages owed by those corporations under the Section 630(a) of the New York Business Coorporation Law.

21.     Upon information and belief, Defendant Jayden Doe is the owner, chief executive officer, and/or managing agent of Corporate Defendants and participated in the day-to-day operations of Corporate Defendants and acted intentionally and maliciously and is an employer pursuant to FLSA, 29 U.S.C. §203d, and regulations promulgated thereunder, 29 C.F.R. §791.2; NYLL §2 and the regulations thereunder; and is jointly and severally liable with Defendant Corporation.

22.     Upon information and belief, Defendant Jayden Doe determined the wages and compensation of the employees of Defendants, including Yunhan Duan and Yiming Su, and established work schedules and work load of the employees, maintained employee records, had the authority to hire and fire employees, and distributed the payments to Plaintiffs for every

payment periods.

23.     Upon information and belief, Defendant "A Jie" aka "Kit" Doe is the owner, chief executive officer, and/or managing agent of Corporate Defendants and participated in the day-to-day operations of Corporate Defendants and acted intentionally and maliciously and is an employer pursuant to FLSA, 29 U.S.C. §203d, and regulations promulgated thereunder, 29 C.F.R. §791.2; NYLL §2 and the regulations thereunder; and is jointly and severally liable with Defendant Corporation.

24.     Upon information and belief, Defendant "A Jie" aka "Kit" Doe determined the wages and compensation of the employees of Defendants, including Yunhan Duan and Yiming Su, and controled work schedules and work load of the employees, assigned and supervised the daily delivery orders of Plaintiff, and distributed the payments to Plaintiffs.

25.     Upon information and belief, Defendant "A Zhong" Doe is the owner, chief executive officer, and/or managing agent of Defendant Corporation SEALICIOUS INC. D/B/A DR. SEA and participated in the day-to-day operations of Defendant Corporation and acted intentionally and maliciously and is an employer pursuant to FLSA, 29 U.S.C. §203d, and regulations promulgated thereunder, 29 C.F.R. §791.2; NYLL §2 and the regulations thereunder; and is jointly and severally liable with Defendant Corporation.

26.     Upon information and belief, Defendant "A Zhong" Doe determined the wages and compensation of the employees of Defendants, including Yunhan Duan and Yiming Su, and established work schedules and work load of the employees, maintained employee records, and had the authority to hire and fire employees.

27.     Upon information and belief, Defendant Wei Yin Chen aka Tony is the owner, chief executive officer, and/or managing agent of Defendant Corporations and participated in the day-

to-day operations of Defendant Corporation and acted intentionally and maliciously and is an employer pursuant to FLSA, 29 U.S.C. §203d, and regulations promulgated thereunder, 29 C.F.R. §791.2; NYLL §2 and the regulations thereunder; and is jointly and severally liable with Defendant Corporation.

28.     Upon information and belief, Defendant Wei Yin Chen aka Tony is the holder of the liquor license of Dr. Sea and determined the wages and compensation of the employees of Defendants, including Yunhan Duan and Yiming Su, and established work schedules and work load of the employees, maintained employee records, calculated Plaintiff's payments, and had the authority to hire and fire employees.

29.     Upon information and belief, Defendant Amber Doe is the owner, chief executive officer, and/or managing agent of Defendant Corporations Umi Sushi & Lounge and Yummy Sushi and participated in the day-to-day operations of Defendant Corporation and acted intentionally and maliciously and is an employer pursuant to FLSA, 29 U.S.C. §203d, and regulations promulgated thereunder, 29 C.F.R. §791.2; NYLL §2 and the regulations thereunder; and is jointly and severally liable with Defendant Corporation.

30.     Upon information and belief, Defendant Amber Doe determined the wages and compensation of the employees of Defendants, including Yunhan Duan and Yiming Su, and established work schedules and work load of the employees, maintained employee records, and had the authority to hire and fire employees.

31.     Upon information and belief, Defendant Sean Doe is the owner, chief executive officer, and/or managing agent of Defendant Corporations POT PA HOTPOT INC aka Hopa Sushi and Pho Dem Inc. and participated in the day-to-day operations of Defendant Corporation and acted intentionally and maliciously and is an employer pursuant to FLSA, 29 U.S.C. §203d, and

regulations promulgated thereunder, 29 C.F.R. §791.2; NYLL §2 and the regulations thereunder; and is jointly and severally liable with Defendant Corporation.

32.    Upon information and belief, Defendant Sean Doe determined the wages and compensation of the employees of Defendants, including Yunhan Duan and Yiming Su, and established work schedules and work load of the employees, maintained employee records, and had the authority to hire and fire employees.

33.    Upon information and belief, Defendant Chengzhi Xia is the owner, chief executive officer, and/or managing agent of Defendant Corporations Umi Sushi & Lounge and Yummy Sushi and participated in the day-to-day operations of Defendant Corporation and acted intentionally and maliciously and is an employer pursuant to FLSA, 29 U.S.C. §203d, and regulations promulgated thereunder, 29 C.F.R. §791.2; NYLL §2 and the regulations thereunder; and is jointly and severally liable with Defendant Corporation.

34.    Upon information and belief, Defendant Chengzhi Xia is the liquor license pricipal of NIGHT MARKET BBQ INC., and he determined the wages and compensation of the employees of Defendants, including Yunhan Duan and Yiming Su, and established work schedules and work load of the employees, maintained employee records, and had the authority to hire and fire employees.

35.    Plaintiff has fulfilled all conditions precedent to the institution of this action and/or conditions have been waived.

## FLSA COLLECTIVE ACTION ALLEGATIONS

36.    Plaintiff brings this action individually and on behalf of all other and former non-exempt employees who have been or were employed by the Defendants at their restaurant locations for up to the last three (3) years, through entry of judgment in this case (the "Collective Action Period")

(the "Collective Action Members"). Upon information and belief, the Collection Action Members are so numerous the joinder of all members is impracticable. The identity and precise number of such persons are unknown, and the facts upon which the calculations of that number may be ascertained are presently within the sole control of the Defendants. Upon information and belief, there are more than  Collective Action members, who have worked for or have continued to work for the Defendants during the Collective Action Period, most of whom would not likely file individual suits because they fear retaliation, lack adequate financial resources, access to attorneys, or knowledge of their claims. Therefore, Plaintiff submits that this case should be certified as a collection action under the FLSA, 29 U.S.C. §216(b).

37.     Plaintiff are fairly and adequately protect the interests of the Collective Action Members, and have retained counsel that is experienced and competent in the field of employment law and class action litigation. Plaintiff has no interests that are contrary to or in conflict with those members of this collective action.

38.     This action should be certified as collective action because the prosecution of separate action by individual members of the collective action would risk creating either inconsistent or varying adjudication with respect to individual members of this class that would as a practical matter be dispositive of the interest of the other members not party to the adjudication, or subsequently impair or impede their ability to protect their interests.

39.     A collective action is superior to other available methods for the fair and efficient adjudication of this controversy, since joinder of all members is impracticable. Furthermore, inasmuch as the damages suffered by individual Collective Action Members may be relatively small, the expense and burden of individual litigation makes it virtually impossible for the members of the collective action to individually seek redress for the wrongs done to them. There

will be no difficulty in the management of this action as collective action.

40.     Questions of law and fact common to members of the collective action predominate over questions that may affect only individual members because Defendants have acted on grounds generally applicable to all members. Among the questions of fact common to Plaintiff and other Collective Action Members are:

    a.   Whether the Defendants employed Collective Action members within the meaning of the FLSA;

    b.   Whether the Defendants failed to pay other Collective Action members proper overtime wages at at least 1.5 times their regular hourly rate of pay for all hours over 40 hours a week.

    c.   Whether the Defendants' violations of the FLSA are willful as that terms is used within the context of the FLSA; and,

    d.   Whether the Defendants are liable for all damages claimed hereunder, including but not limited to compensatory, punitive, and statutory damages, interest, costs and disbursements and attorneys' fees.

41.     Plaintiff knows of no difficulty that will be encountered in the management of this litigation that would preclude its maintenance as a collective action.

42.     Plaintiff and others similarly situated have been substantially damaged by Defendants' unlawful conduct.

## **STATEMENT OF FACTS**

**Defendants Constitute an Enterprise**

43.     Upon information and belief, Corporate Defendants STUDIO M BAR & LOUNGE INC,

PROVENCE BBQ & BAR INC, ROSE CAKE HOUSE INC., SEALICIOUS INC. D/B/A DR. SEA, POT PA HOTPOT INC, PHO DEM INC., ABC CORP. D/B/A UMI SUSHI & LOUNGE, ABC CORP. D/B/A YUMMY SUSHI OR YUMMY DESSERTS, ABC CORP. D/B/A UNO SUSHI AND LOUNGE, NIGHT MARKET BBQ INC. are jointly employers of Plaintiffs and constitute an enterprise as the term is defined by 29 USC §203(r) insofar as:

a. They share staff, including Plaintiffs and chefs, and cooks, for instance, after March 8, 2020, all orders taken by Dr. Sea have been cooked and prepared at 36-41 Main Street throughout the day; Although the ten corporate defendants may have different addresses and different menus, they all use the same delivery people; Plaintiffs were directed to pick up deliver orders at 36-41 Main Street, Flushing NY 11354 and 45-08 Parsons Blvd, Flushing, NY 11355 no matter which Defendants prepare the order;

b. Pay Plaintiffs for the work performed at the enterprise no matter what locations they worked;

c. Are otherwise engaged in related activities performed through unified operation and/or common control for a common business purpose, and are co-owned by the same partners "A Jie" Doe, Amber Doe, Sean Doe, Jayden Doe, "A Zhong" Doe, Wei Yin Chen and Chengzhi Xia.

44.     At all times relevant herein, Corporate Defendants STUDIO M BAR & LOUNGE INC, PROVENCE BBQ & BAR INC, ROSE CAKE HOUSE INC., SEALICIOUS INC. D/B/A DR. SEA, POT PA HOTPOT INC, PHO DEM INC., ABC CORP. D/B/A UMI SUSHI & LOUNGE, ABC CORP. D/B/A YUMMY SUSHI OR YUMMY DESSERTS, ABC CORP. D/B/A UNO SUSHI AND LOUNGE, NIGHT MARKET BBQ INC. were, and continues to be, an "enterprise

engaged in commerce" within the meaning of FLSA.

45.     At all relevant times, the work performed by Plaintiffs were directly essential to the business operated by STUDIO M BAR & LOUNGE INC, PROVENCE BBQ & BAR INC, ROSE CAKE HOUSE INC., SEALICIOUS INC. D/B/A DR. SEA, POT PA HOTPOT INC, PHO DEM INC., ABC CORP. D/B/A UMI SUSHI & LOUNGE, ABC CORP. D/B/A YUMMY SUSHI OR YUMMY DESSERTS, ABC CORP. D/B/A UNO SUSHI AND LOUNGE, NIGHT MARKET BBQ INC.

**Wage and Hour Claims**

46.     There are at least fifty (50) employees among the ten corporate Defendants.

47.     Defendants committed the following alleged acts knowingly, intentionally and willfully.

48.     Defendants knew that the nonpayment of minimum wage, overtime pay, failure to provide the required wage notice at the time of hiring, that the failure to provide the required wage statement with every payment of wages, would financially injure Plaintiff and similarly situated employees and violate state and federal laws.

***Plaintiff Yunhan Duan***

49.     From in or around October 26, 2019 to on or around April 25, 2020, Plaintiff Yunhan Duan was employed as a delivery person in Defendants' restaurants.

50.     Defendant "Jayden" Doe interviewed Plaintiff Yunhan Duan and was the main supervisor of Plaintiff Yunhan Duan.

51.     Defendant "Jayden" Doe controlled and determined the work schedule of Plaintiff Yunhan

Duan.

52.     Defendant Wei Yin Chen calculated Plaintiff Yunhan Duan's payment in payment period, and maintained his employment records.

53.     Defendant "Jayden" Doe determined the rates of compensation of Plaintiff Yunhan Duan and methods of payment.

54.     Defendant "Jayden" Doe or "A Jie" aka Kit Doe handled wage payments to Plaintiff Yunhan Duan and maintained his employment records.

55.     Plaintiff Yunhan Duan was not provided a written wage notice, in English and in Chinese (the primary language identified by Plaintiff) when he was hired, including but not limited to information about his rate of pay and basis thereof, allowances, including tip and meals credits, claimed by Defendants, and the regular pay day designated by Defendants.

56.     From October 26, 2019 to November 10, 2019, Plaintiff Yunhan Duan worked seven days per week without a day off. He worked from 9:30 pm to around 5:45 am the next day each night without an uninterrupted thirty minutes break. Plaintiff Yunhan Duan therefore worked for fifty-seven and three quarters (57.75) hours per week.

57.     During this period, there were several days, Plaintiff Yunhan Duan was required to work more hours. On November 2, 4, 6, and 8 2019, Plaintiff was required to arrive early and work from 2:00 pm to 5:00am the next day.

58.     From November 11, 2019 to Feburary 16, 2020, Plaintiff Yunhan Duan worked seven days per week without a day off. He worked in average from 1:30 pm to around 5:00 am the next day

each night without an uninterrupted thirty-minute break. For every workday, Plaintiff Duan worked at 45-08 Parsons Blvd, Flushing, NY 11355 before 10:50 pm, then he was required to go to 36-41 Main Street, Flushing, NY 11355 to continue to work. Plaintiff Yunhan Duan therefore worked for a hundred and eight hours and a half (108.5) per week.

59.     From Febraury 17, 2020 to March 7, 2020, Plaintiff Yunhan Duan worked seven days per week without a day off. He worked in average from 1:30 pm to around 5:00 am the next day each night without an uninterrupted thirty-minute break. For every workday, Plaintiff Duan worked at 45-08 Parsons Blvd, Flushing, NY 11355 before 9:50 pm, then he was required to go to 36-41 Main Street, Flushing, NY 11355 to continue to work. Plaintiff Yunhan Duan therefore worked for a hundred and eight hours and a half (108.5) per week.

60.     From March 8, 2020 to April 12, 2020, Plaintiff Yunhan Duan worked seven days per week without a day off. He worked in average from 4:00 pm to around 5:00 am the next day each night without an uninterrupted thirty-minute break. During this time, he was required to pick up orders for all corporate Defendants' orders at 36-41 Main Street, Flushing, NY 11355. Plaintiff Yunhan Duan therefore worked for seventy-seven (77) per week.

61.     From March 8, 2020 to April 12, 2020, Plaintiff Yunhan Duan worked seven days per week without a day off. He worked in average from 4:00 pm to around 5:00 am the next day each night without an uninterrupted thirty-minute break. During this time, he was required to pick up orders for all corporate Defendants' orders at 36-41 Main Street, Flushing, NY 11355. Plaintiff Yunhan Duan therefore worked for seventy-seven (77) per week.

62.     From about October 26, 2019 to around March 13, 2020, Plaintiff Duan was paid weekly in average approxiamtely  $1, 400 including about $700 tips. The exact payment amount would

also be subject to the deliver slips Plaintiff Duan collected and submited to Defendants. Therefore, Plaintiff was paid for about $700 per week regardless the number of hours he actually worked each week.

63.     From about March 15, 2020 to around April 25, 2020, Plaintiff Duan was paid in average approxiamtely $1,850 every 15 days including about $900 tips. The exact payment amount would also be subject to the deliver slips Plaintiff Duan collected and submitted to Defendants. Therefore, Plaintiff was paid for about $950 every 15 days regardless the number of hours he actually worked each week.

64.     Throughout his employment with Defendants, Defendants failed to pay Plaintiff the minimum wage applicable.

65.     Throughout his employment with Defendants, Plaintiff Duan was not compensated for all hours worked above forty (40) in each workweek according to state and federal laws.

66.     Throughout his employment with Defendants, Plaintiff Duan was not overtime-exempt under federal and state laws.

67.     Defendants did not provide Plaintiff Duan with a correct wage statement with every wage payment.

68.     Throughout his employment with Defendants, Plaintiff Duan was requried to use his own vehicle to conduct the Defendants' delivery work. Plaintiff Duan spend in average $35 to $40 in his oil and maintanance per day. Defendants did not compesate Plaintiff Duan with the expenses spent on oil expenses.

*Plaintiff YIMING SU*

69.     From in or around November 15, 2019 to on or around March 20, 2020, Plaintiff Yiming Su was employed as a delivery person in Defendants' restaurants.

70.     Defendant "Jayden" Doe interviewed Plaintiff Yiming Su.

71.     Defendant "Jayden" Doe and "A Jie" aka Kit Doe controlled and determined the work schedule of Plaintiff Yiming Su.

72.     Defendant Wei Yin Chen calculated Plaintiff Yiming Su's payment in payment period, and maintained his employment records.

73.     Defendant "Jayden" Doe determined the rates of compensation of Plaintiff Yiming Su and methods of payment.

74.     Defendant "Jayden" Doe or "A Jie" aka Kit Doe handled wage payments to Plaintiff Yiming Su and maintained his employment records.

75.     Plaintiff Yiming Su was not provided a written wage notice, in English and in Chinese (the primary language identified by Plaintiff) when he was hired, including but not limited to information about his rate of pay and basis thereof, allowances, including tip and meals credits, claimed by Defendants, and the regular pay day designated by Defendants.

76.     From November 15, 2019 to March 20, 2019, Plaintiff Yiming Su worked seven days per week without a day off. He worked from 9:30 pm to around 5:45 am the next day each night without an uninterrupted thirty-minute break. Plaintiff Yiming Su therefore worked for fifty-seven and three quarters (57.75) hours per week.

77.     During this period, there were only three to four days, when Defendant "A Jie" required Plaintiff Su to take a day off due to Defendants' schedule changing.

78.     From November 15, 2019 to March 20, 2019, Plaintiff Yiming Su was paid every ten days for in average approxiamtely $1, 200 including about $600 tips. The exact payment amount would also be subject to the deliver slips Plaintiff Su collected and submited to Defendants. Therefore, Plaintiff was paid for about $600 every ten days regardless the number of hours he actually worked each week.

79.     Throughout his employment with Defendants, Defendants failed to pay Plaintiff the applicable minimum wage according to state and federal laws.

80.     Throughout his employment with Defendants, Plaintiff Su was not compensated for all hours worked above forty (40) in each workweek according to state and federal laws.

81.     Throughout his employment with Defendants, Plaintiff Yiming Su was not overtime-exempt under federal and state laws.

82.     Defendants did not provide Plaintiff Yiming Su with a correct wage statement with every wage payment.

83.     Throughout his employment with Defendants, Plaintiff Su was requried to use his own vehicle to conduct the Defendants' delivery work. Plaintiff Duan spend in average $30 to $35 in his oil and maintanance per day. Defendants did not compesate Plaintiff Yiming Su with the expenses spent on oil expenses.

**STATEMENT OF CLAIMS**

## COUNT I
### [Violations of the Fair Labor Standards Act—Minimum Wage
### Brought on behalf of Plaintiff and the FLSA Collective]

84.     Plaintiff re-alleges and incorporates by reference all preceding paragraphs as though fully set forth herein.

85.     At all relevant times, upon information and belief, Defendants have been, and continue to be, "employers" engaged in interstate "commerce" and/or in the production of "goods" for "commerce," within the meaning of the FLSA, 29 U.S.C. §206(a) and §207(a). Further, Plaintiff is covered within the meaning of FLSA, U.S.C. §§206(a) and 207(a).

86.     At all relevant times, Defendants employed "employees" including Plaintiff, within the meaning of FLSA.

87.     Upon information and belief, at all relevant times, Defendants have had gross revenues in excess of $500,000.

88.     The FLSA provides that any employer engaged in commerce shall pay employees the applicable minimum wage. 29 U.S.C. § 206(a).

89.     At all relevant times, Defendants had a policy and practice of refusing to pay the statutory minimum wage to Plaintiff and the collective action members, for some or all of the hours they worked.

90.     The FLSA provides that any employer who violates the provisions of 29 U.S.C. §206 shall be liable to the employees affected in the amount of their unpaid minimum compensation, and in an additional equal amount as liquidated damages.

91.     Defendants knowingly and willfully disregarded the provisions of the FLSA as evidenced by failing to compensate Plaintiff and Collective Class Members at the statutory minimum wage when they knew or should have known such was due and that failing to do so would

financially injure Plaintiffs and Collective Action members.

## COUNT II
### [Violation of New York Labor Law—Minimum Wage
### Brought on behalf of Plaintiff]

92.     Plaintiff re-alleges and incorporates by reference all preceding paragraphs as though fully set forth herein.

93.     At all relevant times, Plaintiff was employed by Defendants within the meaning of New York Labor Law §§2 and 651.

94.     Pursuant to the New York Wage Theft Prevention Act, an employer who fails to pay the minimum wage shall be liable, in addition to the amount of any underpayments, for liquidated damages equal to the total of such under-payments found to be due the employee.

95.     Defendants knowingly and willfully violated Plaintiff's rights by failing to pay her minimum wages in the lawful amount for hours worked.

## COUNT III
### [Violations of the Fair Labor Standards Act—Overtime Wage
### Brought on behalf of the Plaintiff and the FLSA Collective]

96.     Plaintiff re-alleges and incorporates by reference all preceding paragraphs as though fully set forth herein.

97.     The FLSA provides that no employer engaged in commerce shall employ a covered employee for a work week longer than forty (40) hours unless such employee receives compensation for employment in excess of forty (40) hours at a rate not less than one and one-half times the regular rate at which he or she is employed, or one and one-half times the minimum wage, whichever is greater. 29 USC §207(a).

98.     The FLSA provides that any employer who violates the provisions of 29 U.S.C. §207 shall

be liable to the employees affected in the amount of their unpaid overtime compensation, and in an additional equal amount as liquidated damages.  29 U.S.C. §216(b).

99.     Defendants' failure to pay Plaintiff and the FLSA Collective their overtime premiums violated the FLSA.

100.    At all relevant times, Defendants had, and continue to have, a policy of practice of refusing to pay overtime compensation at the statutory rate of time and a half to Plaintiff and Collective Action Members for all hours worked in excess of forty (40) hours per workweek,  which  violated and  continues  to  violate  the  FLSA, 29 U.S.C. §§201, et seq., including 29 U.S.C. §§207(a)(1) and 215(a).

101.    The FLSA and supporting regulations required employers to notify employees of employment law requires employers to notify employment law requirements. 29 C.F.R. §516.4.

102.    Defendants willfully failed to notify Plaintiff and FLSA Collective of the requirements of the employment laws in order to facilitate their exploitation of Plaintiff' and FLSA Collectives' labor.

103.    Defendants knowingly and willfully disregarded the provisions of the FLSA as evidenced by their failure to compensate Plaintiff and Collective Class Members the statutory overtime rate of time and one half for all hours worked in excess of forty (40) per week when they knew or should have known such was due and that failing to do so would financially injure Plaintiff and Collective Action members.

**COUNT IV**
**[Violation of New York Labor Law—Overtime Pay**
**Brought on behalf of Plaintiff]**

104.    Plaintiff re-alleges and incorporates by reference all preceding paragraphs as though fully set forth herein.

105.     Pursuant to the New York Wage Theft Prevention Act, an employer who fails to pay proper overtime compensation shall be liable, in addition to the amount of any underpayments, for liquidated damages equal to the total of such under-payments found to be due the employee.

106.     Defendants' failure to pay Plaintiff his overtime premiums violated the NYLL.

107.     Defendants' failure to pay Plaintiff was not in good faith.

**COUNT V**
**[Violation of New York Labor Law—Spread of Hours**
**Brought on behalf of Plaintiff]**

108.     The "spread of hours" is the number of hours from the time that an employee started working on a particular day until the time that he or she stopped working for the day. 12 NYCRR § 137-1.7, 12 NYCRR 146-1.6 (effective 1/1/2011, formerly 12 NYCRR § 137-1.7), New York State Department of Labor Regulations § 137-1.7 provides that an employer is required to pay an employee an extra hour of pay at the full minimum wage, without allowances, for each day in which the employee's spread of hours exceeds ten. This "spread of hours" regulation is applicable even if there is a split shift.

109.     For all relevant employment period, Plaintiffs routinely worked a "spread of hours" of at least 11 hours per day.

110.     For all relevant employment period, Plaintiff routinely worked a "spread of hours" of at least 11 hours per day.

111.     Despite the fact that Plaintiff routinely worked a "spread of hours" greater than ten hours per day during certain employment period with Defendants, Defendants did not pay Plaintiff any additional compensation as required by the regulations.

112.     Defendants' failure to pay spread of hours compensation was willful and intentional.

## COUNT VI
### [Violation of New York Labor Law—Time of Hire Wage Notice Requirement
### Brought on Behalf of Plaintiff]

113.    Plaintiff re-alleges and incorporates by reference all preceding paragraphs as though fully set forth herein.

114.    The NYLL and supporting regulations require employers to provide written notice of the rate or rates of pay and the basis thereof, whether paid by the hour, shift, day, week, salary, piece, commission, or other; allowances, if any, claimed as a part of minimum wage, including tip, meal, or lodging allowances; the regular pay day designated by the employer; the name of the employer; any "doing business as" names used by the employer; the physical address of employer's main office or principal place of business, and a mailing address if different; the telephone number of the employer.  NYLL §195-1(a).

115.    Defendants intentionally failed to provide notice to employees in violation of New York Labor Law § 195, which requires all employers to provide written notice in the employee's primary language about the terms and conditions of employment related to rate of pay, regular pay cycle and rate of overtime on his or her first day of employment.

116.    Defendants not only did not provide notice to each employee at Time of Hire but also failed to provide notice to Plaintiff thereafter.

117.    Due to Defendants' violations of New York Labor Law, each Plaintiff is entitled to recover from Defendants, jointly and severally, $50 for each workday that the violation occurred or continued to occur, up to $5,000, together with costs and attorneys' fees pursuant to New York Labor Law. N.Y. Lab. Law §198(1-b).

## COUNT VII
### [Violation of New York Labor Law—New York Pay Stub Requirement
### Brought on Behalf of Plaintiff]

118.    Plaintiff re-alleges and incorporates by reference all preceding paragraphs as though fully set forth herein.

119.    The NYLL and supporting regulations require employers to provide detailed paystub information to employees every payday. NYLL §195-1(d).

120.    Defendants have failed to make a good faith effort to comply with the New York Labor Law with respect to compensation of each Plaintiff and did not provide the paystub on or after each Plaintiff's payday.

121.    Due to Defendants' violations of New York Labor Law, each Plaintiff is entitled to recover from Defendants, jointly and severally, $250 for each workday of the violation, up to $5,000 for each Plaintiff together with costs and attorneys' fees pursuant to New York Labor Law N.Y. Lab. Law §198(1-d).

**PRAYER FOR RELIEF**

**WHEREFORE,** Plaintiff, on behalf of themselves, and the FLSA Collective Plaintiffs, respectfully requests that this Court enter a judgment providing the following relief:

a)    Authorizing Plaintiffs at the earliest possible time to give notice of this collective action, or that the Court issue such notice, to all persons who are presently, or have up through the extent allowable under the statute of limitations and including the date of issuance of court-supervised notice, been employed by Defendants as non-exempt employees. Such notice shall inform them that the civil notice has been filed, of the nature of the action, of their right to join this lawsuit if they believe they were denied premium overtime wages;

b)      Certification of this case as a collective action pursuant to FLSA;

c)      Issuance of notice pursuant to 29 U.S.C. § 216(b) to all similarly situated members of the FLSA opt-in class, apprising them of the pendency of this action, and permitting them to assert timely FLSA claims and state claims in this action by filing individual Consent to Sue forms pursuant to 29 U.S.C. § 216(b), and appointing Plaintiff and his counsel to represent the Collective Action Members;

d)      A declaratory judgment that the practices complained of herein are unlawful under FLSA and NYLL;

e)      An injunction against Corporate Defendants, its officers, agents, successors, employees, representatives and any and all persons acting in concert with them as provided by law, from engaging in each of unlawful practices and policies set forth herein;

f)      Award Plaintiffs unpaid minimum wage due under the FLSA and the New York Labor Law;

g)      Award Plaintiff unpaid wages and unpaid overtime due under the FLSA and the New York Labor Law;

h)      Award Plaintiff "spread of hours" pay in the amount of one times the then-applicable minimum wage rate for each day Plaintiff worked 10 or more hours in a workday pursuant to New York Labor Law and its regulations;

i)      An award of costs and expenses of this action together with reasonable attorneys' and expert fees pursuant to 29 U.S.C. §216(b) and NYLL;

j)      The cost and disbursements of this action;

k)      An award of prejudgment and post-judgment fees; and

l)      Such other and further legal and equitable relief as this Court deems necessary, just,

and proper.


Respectfully Submitted,

HANG & ASSOCIATES, PLLC



Dated:        May 18, 2020
Flushing,    New York                        /s/ Jiajing Fan
                                             Jiajing Fan, Esq.
                                             *Attorney for Plaintiff*
                                             Hang & Associates, PLLC
                                             136-20 38th Avenue
                                             Suite 10G
                                             Flushing, NY 11354
                                             Tel: (718) 353-8588
                                             Fax: (718) 353-6288
                                             Email: jfan@hanglaw.com

**CONSENT TO SUE UNDER**
**FEDERAL FAIR LABOR STANDARDS ACT**

I am an employee currently or formerly employed by STUDIO M BAR & LOUNGE INC, PROVENCE BBQ & BAR INC, ROSE CAKE HOUSE INC., POT PA HOTPOT INC, PHO DEM INC., SEALICIOUS INC, NIGHT MARKET BBQ INC, and/or related entities and individuals. I consent to be a plaintiff in an action to collect unpaid wages. I agree that I am bound by the terms of the Contingent Fee Retainer signed by the named plaintiff in this case.

_Su Yiming_
Full Legal Name (Print)

_Su Yiming_
Signature

_5.11.2020_
Date

**CONSENT TO SUE UNDER**
**FEDERAL FAIR LABOR STANDARDS ACT**

I am an employee currently or formerly employed by STUDIO M BAR & LOUNGE INC, PROVENCE BBQ & BAR INC,.ROSE CAKE HOUSE INC., POT PA HOTPOT INC, PHO DEM INC., and/or related entities and individuals. I consent to be a plaintiff in an action to collect unpaid wages. I agree that I am bound by the terms of the Contingent Fee Retainer signed by the named plaintiff in this case.

Yunhan Duan

Full Legal Name (Print)

Signature

05.07. 20

Date