```
UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------------x
YUNHAN DUAN and YIMING SU,                    :
                                              :
                    Plaintiffs,               :
                                              :              ORDER
        -against-                             :
                                              :              20-cv-02240-RPK-JRC
STUDIO M BAR & LOUNGE INC., et al.,           :
                                              :
                    Defendants.               :
------------------------------------------------------------------:
                                              x
```

JAMES R. CHO, United States Magistrate Judge:

On April 24, 2023, plaintiffs moved for default judgment against defendants Provence BBQ & Bar Inc., Studio M Bar & Lounge Inc., Pho Dem Inc., and Pot Pahotpot Inc. (collectively "corporate defendants"). *See* Dkt. 52. Plaintiffs also moved for default judgment against Xia Chengzhi, "A Jie" Doe, "A Zhong" Doe, Amber Doe, Jayden Doe, and Sean Doe (collectively, "individual defendants"). The Court denies plaintiffs' motion for failing to comply with Local Civil Rule 55.2, as set forth below.

Local Civil Rule 55.2(b) requires that plaintiff shall append to the application for default judgment "the Clerk's certificate of default." *See* Local Civil Rule 55.2(b). Plaintiffs failed to file with their application (Dkt. 52) the Clerk's certificate of default against the corporate defendants (*i.e.*, Provence BBQ & Bar Inc, Studio M Bar & Lounge Inc., Pho Dem Inc., and Pot Pahotpot Inc.).

Local Civil Rule 55.2(c) further requires that papers submitted in support of a motion for default judgment "*shall simultaneously be mailed* to the party against whom a default judgment is sought at the last known residence of such party (if an individual) or the last known business address of such party (if a person other than an individual). Proof of such mailing shall be filed with the Court." Local Civ. R. 55.2(c) (emphasis added). Here, plaintiffs failed to file proof of

service of the instant motion on defendants or to otherwise indicate that the motion has been mailed to defendants.

Local Civil Rule 55.2 is strictly construed and failure to comply with the rule is alone a basis to deny the motion for default judgment. *See, e.g.*, *United States v. Hamilton*, No. 18-CV-2011, 2019 WL 6830318, at *2-*3 (E.D.N.Y. Nov. 26, 2019) (denying motion for default judgment because plaintiff failed to follow Local Civil Rule 55.2(c) and collecting cases), *adopted*, 2019 WL 6828276 (E.D.N.Y. Dec. 13, 2019); *Assets Recovery Ctr. Invs., LLC v. Smith*, No. 13-CV-253, 2015 WL 13741871, at *7 (E.D.N.Y. Sept. 22, 2015) (denying motion for default judgment for failure to attach Clerk's certificate of default and to mail to defendants the documents enumerated in Local Civil Rule 55.2(b)). Accordingly, in light of these deficiencies, plaintiffs' motion for default judgment is denied without prejudice.

In the event plaintiffs renew their motion for default judgment, they shall address the additional deficiencies discussed below. First, plaintiffs shall supplement their submissions regarding service of process on the individual defendants. The individual defendants were served at one location -- 45-08 Parsons Boulevard, Flushing, New York -- by leaving process with "Mr[.] Tony Doe/Agent on Duty." *See* Dkt. 7. However, there has been no showing that the location where process was delivered is the actual place of business of any of the individual defendants. A "person's 'actual place of business' must be where the person is physically present with regularity, and that person must be shown to regularly transact business at that location." *Pate v. City of Rochester*, 579 F.Supp.3d 417, 426 (W.D.N.Y. 2022). Here, plaintiffs have not demonstrated that the individual defendants were regularly present at 45-08 Parsons Boulevard at the time of service. In addition, the affidavits of service do not indicate that Mr. Doe is an agent of any of the individual defendants. The process server does not state that he

confirmed with Mr. Doe, who accepted service, that the individual defendants worked at that location, or that Mr. Doe identified himself as a co-worker of any of the defendants.

Second, plaintiffs have not sufficiently identified the following individual defendants: "A Jie" Doe (a/k/a Kit Doe); Jayden Doe; "A Zhong" Doe; Amber Doe; or Sean Doe.  In any renewed motion for default judgment, plaintiffs shall provide the Court with legal authority establishing that they may continue to use fictitious names for these defendants more than three years after plaintiffs commenced this action, and that default judgment may be entered against defendants identified with fictitious names.  *See Valade v. City of New York*, 949 F.Supp.2d 519, 531-32 (S.D.N.Y. 2013).

Third, the Amended Complaint's allegations regarding the liability of defendants "A Zhong" Doe, Amber Doe, Sean Doe, and Chengzhi Xia, are conclusory.  *See, e.g.*, Am. Compl. (Dkt. 5).  Plaintiffs allege that these individuals are "the owner, chief executive officer, and/or managing agent" of one or more of the corporate defendants and that they each "determined the wages and compensation of the employees," "established work schedules," and "had the authority to hire and fire employees."  *See, e.g.*, Am. Compl. ¶¶ 27-28, 31-32, 33-35.  These allegations are boilerplate assertions of employer status as defined by the Second Circuit, but without more, the Court is unlikely to find that plaintiffs adequately alleged that these defendants were, in fact, plaintiffs' employers.

Finally, plaintiffs' application for attorneys' fees included time spent litigating against defendants, who have settled their claims, and plaintiffs should have excluded these entries in connection with their request for fees.  *See, e.g.*, *Koon Chun Hing Kee Soy & Sauce Factory, Ltd. v. Kun Fung USA Trading Co. Inc.*, No. 07-CV-2568, 2012 WL 1414872, at *13 (E.D.N.Y. Jan. 20, 2012).

3

Any renewed motion for default judgment must be filed by **May 31, 2023**. Plaintiffs shall serve a copy of this Order on the defaulting defendants and file proof of service on ECF by **May 4, 2023**.

    **SO ORDERED.**

Dated: Brooklyn, New York
       May 1, 2023

                                                             s/ James R. Cho
                                                          JAMES R. CHO
                                                          United States Magistrate Judge